# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| MARVIN PORTER and TERRI RIDENOUR, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 4:14-cv-821-O |
| TRIUS TRUCKING INC. et al., | § § § | |
| Defendants. | § § § | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Remand (ECF No. 21), filed January 13, 2015. No Defendant responded to Plaintiffs' Motion, and the deadline to do so has passed. For the reasons that follow, the Court finds that the motion should be and is hereby **GRANTED**.

On December 30, 2014, Plaintiffs filed their First Amended Complaint, adding Lakhwinder Tiwana and the Texas Department of Transportation as Defendants in this action. *See* Am. Compl., ECF No. 16. Plaintiffs now move to remand this action because the presence of the Texas Department of Transportation destroys diversity jurisdiction, which was the basis for removal. *See* Notice Removal ¶ 4, ECF No. 1.

District courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a). District courts also have removal jurisdiction over any civil action within their original jurisdiction. *Id.* § 1441(a). Accordingly, a civil action filed in state court may be removed to the district court if the matter in controversy exceeds $75,000 and complete diversity exists between the parties, provided

that no defendant is a resident of the forum state. *See id.* §§ 1332(a), 1441(a)-(b).

A removing defendant has the burden of establishing that removal was proper. *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009). Objections to removal that are based on the district court's lack of subject matter jurisdiction may be raised at any time. 28 U.S.C. § 1447(c). Given that removal raises significant federalism concerns, any doubts about the propriety of removal are resolved in favor of remand. *Gutierrez v. Florez*, 543 F.3d 248, 251 (5th Cir. 2008). While jurisdiction is generally determined at the time suit is filed, the addition of a non-diverse defendant after removal destroys diversity jurisdiction. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180-81 (1987) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Based on the foregoing, the Court finds that there is no longer complete diversity among the parties, and this Court no longer has subject-matter jurisdiction to hear this action. Accordingly, Plaintiffs' Motion to Remand (ECF No. 21) is hereby **GRANTED**, and this action is **REMANDED** to the 271st Judicial District Court of Wise County, Texas.

**SO ORDERED** on this **12th** day of **February, 2015**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**